

DANIEL J. BURKHART
9473 N. Albatross Drive
Tucson, AZ. 85742
(520) 990-3918
Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# TUCSON DIVISION

| | |
|---|---|
| DANIEL J. BURKHART,<br><br>    Plaintiff,<br><br>vs.<br><br>INTUIT, INC. et al.<br><br>    Defendant(s) | Case No.: 4:07-CV-00675 CKJ<br><br>EXPARTE APPLICATION AND [PROPOSED] ORDER FOR JUDGMENT OF DEFAULT |

    Pursuant to LRCiv58.1(a), this application for Judgment of Default, is submitted by the plaintiff, Daniel J. Burkhart.

    Defendant, Intuit, Inc., filed its stipulation on October 30, 2007, waiving service of process, in the above entitled action.

    Defendant, Intuit, Inc. is required under FRCivP, Rule 4(d)(3) and Rule 12(a)(1)(A)(ii) to serve a responsive answer to the complaint within 60 days after the request was sent. Therefore, the defendant was required to answer this complaint by December 31, 2007. Calculation of time is in accordance with FRCivP, Rule 6(a).

    Defendant, having failed to provide a responsive answer to the complaint in a timely manner, as required by law, this court hereby grants the plaintiff's application to issue this Judgment of Default on his behalf under FRCivP, Rule 4(d)(3).

# [PROPOSED]
# ORDER

**PURSUANT to the Federal Rules of Civil Procedure, Rule 4(d)(3) and** Rule 12(a)(1)(A)(ii), the Court finds that the defendant, Intuit, Inc. has failed to provide a timely answer to the complaint and the plaintiff is thus, entitled to this Judgment of Default.

Under FRCivP, 54(c), this court hereby orders the defendant, Intuit, Inc. to pay the plaintiff, Daniel J. Burkhart an amount as follows:

| | |
|---|---|
| Personal Damages | $391,000.00 |
| Punitive Damages | $50,000,000.00 |
| Total: | $50,391,000.00 |

Pursuant to 28 USC, Section 1961, plaintiff is entitled to interest on all unpaid amounts, at the rate of 4.94 percent per annum, compounded daily, beginning this date.

Date: _____

Under FRCivP, Rule 55(a), the Clerk of the Court shall enter a Judgment of Default in this matter.

It is so ordered: _____

United States District Court Judge

For the District of Arizona, Tucson Division

**DANIEL J. BURKHART**
**9473 N. Albatross Drive**
**Tucson, AZ. 85742**
**(520) 990-3918**
**Plaintiff, In Pro Se**

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| DANIEL J. BURKHART, | Case No.: 4:07-CV-00675-CKJ |
| Plaintiff, | POINTS AND AUTHORITIES IN SUPPORT OF JUDGMENT OF DEFAULT |
| vs. | |
| INTUIT, INC. et al. | |
| Defendant | |

Plaintiff Daniel J. Burkhart commenced this action on July 20, 2007. The defendants waived formal service on October 30, 2007 by way of a stipulation filed with the U.S. District Court, San Jose Division. and the **Defendants have failed to reply with a responsive answer** to the complaint within the 60 day time requirement, established under FRCivP, Rule 4(d)(3), and Rule 12(a)(1)(A)(ii), therefore the **Plaintiff is entitled to a Judgement of Default in this matter.**

Defendant has failed to file for continuance, nor request an extension of time in which to respond to the complaint.

Plaintiff, Daniel J. Burkhart joined the stipulation, filed on October 30, 2007, to move this action to the United States District Court of Arizona, Tucson Division. The plaintiff agreed in the stipulation to remove the individual defendants. Further, **defendants agreed to waive service of process.** However, **at no time did the plaintiff agree to a continuance, nor the extension of time of procedural rules which govern this action.**

The defendants have not committed a mistake, nor committed an excusable neglectful act as described in FRCivP, Rule 60. California counsel for the defendant contacted the plaintiff by phone, on or about October 17, 2007 requested and received a stipulated agreement to transfer this case to the Arizona District Court, also to remove all individual defendants, and to waive service of process. Paid counsel for the defendants are well schooled in the law, and knew, or should have known, that a continuance or extension of time maybe required by the court to hold open the time of filing an answer to this complaint to complete the requested state-to-state transfer of this case. **The defendants failure to request an extension of time, or a continuance, is an inexcusable act of negligence, not a mistake. No relief from such an omission could be allowed.**

Further, the defendant has engaged in a consistent pattern of neglect in this matter. The defendant has been consistently non-responsive to issues of human resources, and hiring practices raised by the plaintiff. The defendant fails to observe the spirit and the letter of the Americans with Disabilities Act, with regard to its mentally disabled employees. The defendant continues to do harm to the American workers by willfully placing his profits before their welfare. It is, therefore, in the interest of justice that the plaintiff submits his application for Judgment of Default.

Accordingly, the Court must determine that the defendant has failed to answer the complaint in a timely manner. **The plaintiff's application for Judgment of Default is required to be granted, and entered, as prescribed by FRCivP, Rule 55,(a) and (b)(2).**

Plaintiff, prays the court grant the attached Application for Judgement of Default.

Dated this December 31, 2007

*[signature]*
9473 N. Albatross Drive
Tucson, AZ. 85742
Daniel J. Burkhart

## AFFIDAVIT OF DANIEL J. BURKHART
## IN SUPPORT OF
## EXPARTE APPLICATION FOR DEFAULT JUDGMENT

Daniel J. Burkhart, Plaintiff in Pro Se, comes forth to state:
I am over 18 years of age. I am a resident of Pima County, Arizona. I have filed the complaint, now before this court on or about July 20, 2007 originally with the United States District Court, Northern District of California, San Jose Courthouse.

1. This Federal Court complaint was filed as a result of the defendant's non-responsiveness in mediation arranged by the Arizona State Attorney Generals office where my concerns were initially lodged at the division of Equal Employment Opportunity Commission, in June 2006. This action has been met with willful, or negligent, in-action by the defendant since my employment was terminated on December 16, 2005.

2. My pleading to proceed In Forma Pauperis (IFP) was approved by District Court Magistrate Judge Patricia V. Trumbull on, or about September 28, 2007.

3. On, or about October 17, 2007, following written communications, and telephone conversations with counsel for defendant, Intuit, Inc., I agreed to the defendant's stipulation to transfer this case to US District Court for the District of Arizona, Tucson Division. Accordingly, in the defendant's stipulation he also agreed to waive process of service in this matter. Further, the order to serve the defendants was vacated. The defendant then sent his stipulation to the US District Court in San Jose, California on October 30, 2007 and all conditions of the stipulation were granted.

4. As of this writing, I have never received notice of the defendants answer to my complaint. I have never received notice that the defendant intends, or intended, to comply with the Courts order for Alternative Dispute Resolution (ADR), in this matter. The attorney for the defendant has fallen silent. The defendant has not requested, or received my consent to and additional extension of time to respond.

5. This matter has proceeded through the bureaucracy of the State Attorney General's office of Equal Employment Opportunity Commission, and now, two years since the wrongful termination, I am seeking this judgment of default in the interest of justice.

Under penalty of perjury, I state that the above is true and correct to the best of my knowledge.

_____          Date: <u>December 31, 2007</u>
Daniel J. Burkhart,
Plaintiff in Pro Se